## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**LARRY LEWIS (#76756)**                                        **PETITIONER**

**v.**                                                  **No. 3:19CV120-MPM-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Larry Lewis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Mr. Lewis has filed his Traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar

> as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Procedural Posture

Petitioner Larry Lewis is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. He was convicted of one count of statutory rape of a child under fourteen (Count 1) and one count of statutory rape of a child over fourteen but under sixteen (Count 2) in the Circuit Court of Panola County, Mississippi. On September 15, 2016, Mr. Lewis was ordered to serve consecutive terms of life imprisonment as a habitual offender in the custody of MDOC. *See* SCR, Vol. 1, pp. 37-41.[1]

Mr. Lewis, through counsel, appealed his convictions and sentences to the Mississippi Supreme Court, where counsel raised the following issue for review:

A.     The evidence is insufficient to support the verdict.

On November 28, 2017, the Mississippi Court of Appeals affirmed Lewis' convictions and sentences. *See Lewis v. State,* 245 So. 3d 539 (Miss. Ct. App. 2017), *reh'g denied*, March 27, 2018, *cert. denied*,

---

[1] References to the state court record from Lewis' direct appeal of his convictions and sentences are designated as "SCR" with the appropriate volume and page number. References to Lewis' post-conviction pleadings are designated as "SCR" with the state court cause number.

June 14, 2018 (Cause No. 2016-KA-01484-COA).

Mr. Lewis, proceeding *pro se*, filed an "Application for Leave to Proceed in the Trial Court" and attached "Motion for Post-Conviction Collateral Relief Act Miss. Code Ann. 99-39-1" in the Mississippi Supreme Court. *See* SCR, Cause No. 2018-M-01326. In the application, Mr. Lewis raised the following issues for the state court's review (as set forth by petitioner, proceeding *pro se*, in his "Motion for Post-Conviction Collateral Relief" in the section entitled "Question of presented 10 ground for relief")[2]:

A.     The trial court indictment prejudice[d] Defendant because it was defect[ive] and violative of his constitutional right and the sentence habitual under 1983 not stated in Lewis['] indictment. The indictment due process of law because the grand jury was not preceded by an arrest.

B.     Statement of witness conflicting testimony in violative of due process of Fifth Amendment of USC.

C.     5 Am Jur of Proof of fact 2d 267 Ineffective and insufficient counsel assistance act failure to investigate fact. Ignorance of rule of law, failure to raise defense and failure to raise an issue on appeal.

D.     Jury Instructions was due process of law and prejudice defendant under Miss. Code Ann. 97-3-65-Section 7 because jury instruction is not stated in Larry Lewis['] indictments.

E.     The State produced insufficient evidence to sustain a verdict of guilt beyond a reasonable doubt on each of the two counts.

---

[2] The claims listed in that section are discussed in further detail in the pages attached to the post-conviction motion. Mr. Lewis also includes a section in his state post-conviction motion in which he discusses "a concise statement ground upon which this motion is based," and appears to make the same arguments discussed in his grounds for relief, though not verbatim. He also set forth as a separate claim the alleged denial of a preliminary hearing – a claim which had been previously included with his challenges to the indictment. Nonetheless, all claims Lewis raised in his post-conviction pleadings in state court were found to be without merit, as detailed below.

- 3 -

F. Directed verdict should have been grant[ed] because there was no proof physical evidence of rape such as DNA evidence[,] and the State witness[es] were no[t] credible.

G. JNOV motion should have been grant[ed] because the evidence is insufficient to support the verdict or in the alternative, the verdict is against the overwhelming weight of the evidence.

H. The verdict of the jury should be overturned in the interest of justice.

I. The verdict[s] are contrary to the law and the weight of the evidence.

J. The conviction or the sentence [is] in violation of the Constitution.

SCR, Cause No. 2018-M-01326.

On February 6, 2019, the Mississippi Supreme Court denied Mr. Lewis' application, holding:

Lewis's conviction of statutory rape of a child under fourteen and statutory rape of a child over fourteen, but under sixteen, along with his sentence, as an habitual offender, to life imprisonment without parole, were affirmed on direct appeal. *Lewis v. State*, 245 So. 3d 539 (Miss. Ct. App. 2017). The mandate issued on July 5, 2018, and the instant motion is Lewis's first application for leave. Having duly considered the application and its attachments, the panel finds that the claims raised by Lewis are without merit. Accordingly, the application for leave should be denied.

*See* Exhibit B[3] (Cause No. 2018-M-01326).

In the instant petition for a writ of *habeas corpus*, Mr. Lewis raises the following grounds for

relief:

**Ground One**: Count 1 and 2 – defect[ive] indictment under 7.06 Uniform Rule County Court Practice. The indictment filed to specify a specific date and place of alleged criminal act that was alleged to have taken place [] two years ago which the indictment has to be concise and display all the facts in this case against the accused that was not the case and the court allowed the indictment to stand showing prejudice toward the petitioner. For reasons of habitual offender as a motion was filed to dismiss the indictment as violative of his constitutional right of due process of the law because the grand jury action was not preceded by an arrest. Improper indictment amendment

---

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

- 4 -

Article 3 Sec. 27 constitutional error. I never was indict[ed] by a grand jury for this criminal act where the indictment fails to charge a necessary element of a crime and where there exists no subject matter jurisdiction.

**Ground Two**: The evidence is insufficient to support the verdict; the weight of the evidence. The State produced insufficient evidence to sustain a verdict of guilt beyond a reasonable doubt on each of the two counts because the State was unable to present physical biological evidence of rape such as DNA evidence and the State witness[es] were not credible. The trial judge admitted false testimony of all witness[es] into evidence that violated due process of the law of the constitution confront witness. 6 Amendment Article 3, Sec. 26 constitutional error or due process. 5 Amendment Article 3, Sec. 14. The evidence insufficient to support the indictment.

**Ground Three**: Insufficient counsel. The petitioner['s] attorney was fully aware of these errors and did not attack validity of these allegation[s] begin that he is my advisor because I am laym[an] to the law. Pursuant to the Rules [] of the Mississippi Rules of Professional Conduct and attorney client previled [sic] of Federal Rules of Criminal Procedure. The attorney for the Defendant has a responsibility to his client. Assistance of counsel. 6 Amendment Article 3, Sec. 26, constitutional error.

**Ground Four**: Jury instruction was error under Rule 10.5 under Miss Code Ann. 97-3-65-Section 5-7. Jury instruction failed to state[] and include penetration of the sexual organ of a male. The jury instruction violat[ed] petitioner['s] Fourteenth Amendment constitution rights of U.S. and the Fifth Amendment of the constitution of U.S. or Mississippi. Jury instruction was to find the petitioner guilty without evidence on hearsay that constitutional error under 5 Amendment due process of law, Article 3, Sec. 14. The State could not prove the element of sexual intercourse in this case because it [was] not stated in the indictment. The jury instruction not stated.

**Ground Five**[4]: Directed Verdict - The Hon court erred in motion for directed verdict because the State [was] unable to prove the element of sexual intercourse. [T]here was no DNA taken from Larry Lewis to matched him to this. There was no physical proof in the form of DNA evidence. The State is required under 97-3-65 Section 7 to show penetration of the petitioner['s] sexual organs to be convicted of statutory rape. The hon. court violat[ed] my 14 Amendment of Constitution right to be convicted without evidence.

**Ground Six:** JNOV Motion - A motion for JNOV should have been grant[ed] because jury verdict was against the overwhelming weight of the evidence[,] and the evidence was insufficient to support the conviction because the State failed to prove the elements

---

[4] In an attempt to liberally construe the petition, the court notes that Grounds Five and Six were listed at ECF Doc. 1, p.17. Ground Seven was taken from Mr. Lewis' arguments contained in ECF Doc. 1, p. 22.

of rape and not support[ed] by law or the constitution.  Motion 11 exhibit. How can the petitioner be convict[ed] without evidence.

**Ground Seven**:  Actual innocence.

*See* ECF Doc. 1.

**Facts**

The Mississippi Court of Appeals summarized the facts underlying Lewis' convictions and

sentences:

> Charlene and her five children, including J.T., [fn omitted] moved in with Lewis in late 2012 or early 2013.  At the time, J.T. was around twelve or thirteen years old.  J.T. testified that she began having a sexual relationship with Lewis around this time.  At the time, Lewis was approximately fifty years old or older.
>
> Robert Harris, J.T.'s great uncle, contacted the Department of Human Services (DHS) to report an inappropriate relationship between J.T. and Lewis.  DHS interviewed J.T. and her family regarding the allegations of the sexual relationship.  Each of the family members, including J.T., denied the existence of a sexual relationship.
>
> Shortly after, Charlene and her children moved from Lewis's home.  Charlene testified that although she and her children moved out, J.T. continued to visit Lewis alone.  However, the family returned to live with Lewis sometime later in 2014.
>
> J.T. stated that she and Lewis stayed in his house together in one bedroom, while her mother and siblings slept in a camper located in the back of Lewis's property.  Charlene denied that J.T. lived with Lewis alone; however, she testified that she liked to party and was frequently out late at night.  As a result, the children were left unattended in the camper while Lewis was in the house.
>
> In 2015, Zeandra Butler, Lewis's biological daughter, notified DHS that her father and J.T. were involved in an inappropriate relationship.  A representative from DHS interviewed J.T. at her school.  During this interview, J.T. reported that she and Lewis were involved in a sexual relationship and had been involved since she was thirteen years old.  At the time of her second DHS interview, J.T. was approximately sixteen years old.

*Lewis,* 245 So. 3d at 541.[5]

---

[5] The state appellate court referred to the victim and other minors by using their initials, and referenced the mother of the victim only by her first name in order to protect the confidentiality of the

Mr. Lewis has exhausted his state court remedies as to the issues raised in the instant petition, and any return to the state court on these issues would be futile.

### Grounds One Through Six: Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, Three, Four, Five, and Six on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly

---

victim.

established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One through Six of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ground One:  Defective Indictment

In Ground One, Larry Lewis alleges that his indictment failed to specify a date and place of the crimes charged. ECF Doc.1, p. 5. The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless it can be shown that the indictment was so defective that the convicting court had

no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5ᵗʰ Cir. 2003); *Williams v. Collins,* 16 F.3d 626, 637 (5ᵗʰ Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5ᵗʰ Cir.1993); *McKay v. Collins,* 12 F.3d 66, 68 (5ᵗʰ Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5ᵗʰ Cir. 1980)). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637. Rule 14.1 of the Mississippi Rules of Criminal Procedure sets forth the required elements of an indictment under Mississippi law:

> (1) The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts and elements constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them.
>
> (2) An indictment shall also include the following:
>
>> (A) The name of the accused;
>>
>> (B) The date on which the indictment was filed in court;
>>
>> (C) A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
>>
>> (D) The county and, in two-district counties, the judicial district in which the indictment is brought;
>>
>> (E) The date and, if applicable, the time at which the offense was alleged to have been committed;
>>
>> (F) The signature of the foreperson of the grand jury issuing it; and
>>
>> (G) The words "against the peace and dignity of the state."
>
> The court, upon motion, may strike from the indictment any surplusage, including unnecessary allegations or aliases.

Under Rule 14.1 of the Uniform Rules of Circuit and County Court, the indictment must include, *inter alia*, "a plain, concise and definite written statement of the essential facts constituting the offense charged" and must "fully notify the defendant of the nature and cause of the accusation."

In the instant case, Larry Lewis was charged with one count of statutory rape of a child under the age of fourteen under Mississippi Code § 97-3-65(1)(b) (Count 1) and one count of statutory rape under Mississippi Code § 97-3-65(1)(a) (Count 2). He was charged in an indictment, which reflects that it was issued in the State of Mississippi, Seventeenth Circuit Court District in the Second Judicial District of Panola County. SCR, Vol. 1, pp. 6-7. Regarding Count 1, the indictment states, in relevant part, that Larry Lewis:

> on or before the 4th day of July in the year of our Lord, 2013, in the District, County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully, and feloniously have sexual intercourse with [the victim], a child under the age of fourteen (14) years of age and twenty-four (24) or more months younger than LARRY D. LEWIS and not the spouse of LARRY D. LEWIS . . . .

SCR, Vol. 1, p. 6. With regard to Count 2, the indictment charges that Lewis:

> between the 5th day of July in the year of our Lord, 2013, and the 4th day of July in the year of our Lord, 2015, in the District, County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully, and feloniously, have sexual intercourse with [the victim], a child at least fourteen (14) years of age, but under sixteen (16) years of age and thirty-six (36) or more months younger than LARRY D. LEWIS; and the said LARRY D. LEWIS being at that time a person seventeen (17) years of age or older and not the spouse of [the victim] . . . .

*Id.* In Ground One, Mr. Lewis contends, as he did in state court, that the indictment failed to give specific dates for the crimes stated in the indictment. He raised this claim challenging the sufficiency of the indictment in the Mississippi Supreme Court on post-conviction review, and the state court found the claim to be without merit. *See* Exhibit B. This finding is in accordance with state law, which provides that, "in cases involving sexual abuse of a child[,] a specific date is not required so long as the defendant is 'fully and fairly advised of the charges against him.'" *Hines v. State*, 126 So. 3d 985, 987-88 (Miss. Ct. App. 2013) (citations omitted); *see also Anderson v. State*, 62 So. 3d 927, 938-39 (Miss. 2011) (specific dates not required in child sexual assault cases if the defendant is "fully advised of the

charge against him."); *Gordon v. State*, 977 So. 2d 420, 430-31 (Miss. Ct. App. 2008) (same). Mr. Lewis challenges only the fact that the indictment failed to give a specific date, not that he was not fully advised of the charges against him. At trial, his defense was not based on a specific date; further, the indictment provided a range of dates, and the victim testified that Lewis had sex with her during the period specified, based on certain key dates as a reference point. SCR, Vol. 1, pp. 6-7; Vol. 2, pp. 57-78. The state court's decision was consistent with state law and supported in the record in this case.

Larry Lewis' challenge to the indictment in Ground One is a matter of state law, which was decided by the state court and found to be without merit. As such, this claim is not proper for federal *habeas corpus* review, and he is not entitled to relief on his claim in Ground One.

Within Ground One, Mr. Lewis also argues that he was denied a preliminary hearing prior to the issuance of the indictment because the grand jury's charge was not preceded by an arrest. ECF Doc. 1, pp. 5, 18, 19. He briefly raised this argument in his state court post-conviction pleadings, where the court found it to be without merit. *See* SCR, Cause No. 2018-M-01326. Indeed, the trial court explained this issue in detail:

> Mr. Larry Lewis, if you've got any misconceptions or any understandings that simply because the first time this came to light was because of a grand jury indictment, then you're absolutely wrong. A person does not have to be arrested and charged with a crime before a grand jury makes a determination on whether or not an indictment should be returned, because a law enforcement officer cannot indict somebody, only a grand jury; and oftentimes, cases are presented to a grand jury before anyone is ever charged . . . To present a case directly to the grand jury before anybody is ever arrested is completely proper protocol.

SCR, Vol. 2, pp. 49-50.

Under Mississippi law, the grand jury's indictment establishes probable cause, and the State is not required to hold a preliminary hearing after an indictment issues. *State of Mississippi v. Delaney,* 52 So. 3d 348, 350 (Miss. 2011). For this reason, the state court's decision as to this claim was proper

under state law, and Mr. Lewis has not shown that this decision was contrary to, or an unreasonable application of, clearly established federal law. Further, he has not shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence. As such, Mr. Lewis is not entitled to federal *habeas corpus* relief based on his claim in Ground One.

### Grounds Two and Five: Sufficiency of the Evidence

In Grounds Two[6] and Five, Mr. Lewis challenges the sufficiency of the evidence to support his conviction. He argues that the State failed to present biological evidence of rape such as DNA evidence and attacks the credibility of the State's witnesses.[7] ECF Doc. 1, pp. 6, 17, 19-21. He further argues that the trial court erred in denying his motion for a directed verdict because the State was required to show penetration, and there was no physical proof of it. *Id.*

Insufficiency of the evidence can constitute a claim for *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). This standard "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992); *see also United*

---

[6] To the extent that petitioner's claim in Ground Two is also a challenge the weight of the evidence, that issue will be discussed separately as Ground Six.

[7] Mr. Lewis' challenges to the credibility of the witnesses is a matter for the jury and is thus a challenge to the weight of the evidence, which is discussed below.

- 12 -

*States v. Vargas-Ocampo,* 747 F.3d 299 (5ᵗʰ Cir. 2014) *(Jackson* also "unambiguously instructs that a reviewing court, 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'") (citations omitted).

As noted above, Larry Lewis was charged with statutory rape of a child under fourteen (Count 1) and statutory rape (Count 2) and was found guilty on both counts. To support his claim of insufficiency of the evidence, he notes the lack of DNA or other physical evidence. The trial court explained to Mr. Lewis that the law does not require forensic evidence in sex crime cases:

> [F]orensic evidence is not required for somebody to be convicted of having sexual intercourse with somebody that they're not supposed to be having sex with. … [The only thing required to convict him was for the victim to] sit on that witness stand, tell 12 strangers that you stuck your penis in her vagina, and they believe her.

SCR, Vol. 2, pp. 16-17; *see also, id.*, p. 22. The court then confirmed once more for Lewis that the State did not have to produce physical evidence to obtain a conviction. *Id.*, p. 17. This explanation comports with Mississippi law. *See Price v. State*, 898 So. 2d 641, 651 (Miss. 2005).

Mr. Lewis challenged the sufficiency of the evidence to support his convictions during direct appeal of his convictions, and the state appellate court thoroughly addressed his claim. After setting forth the elements necessary to find Lewis guilty of the two counts of statutory rape, the state court held:

> The facts established that Lewis and J.T. began a sexual relationship when J.T. was thirteen years old. J.T. reported that Lewis put his penis into her vagina on several occasions. At the time, Lewis was approximately fifty years old or older. J.T. also testified that her relationship with Lewis continued until she was sixteen years old.
>
> However, Lewis asserts that there was no direct evidence to link him to the crime of statutory rape. This Court has previously held that "[w]itness testimony alone is sufficient to secure a conviction." [citations omitted].
>
> Furthermore, Meredith Rawl, an expert in the field of child abuse and forensic interviewing, conducted a forensic interview of J.T. Rawl testified that based on her

- 13 -

interview with J.T., her findings were consistent with that of a child who had been sexually abused. Rawl was questioned regarding J.T.'s statement that J.T. had been sexually active with a boyfriend and Lewis. However, Rawl stated that J.T.'s sexual history was irrelevant as far as their interview was concerned.

Kristine Gable, a nurse coordinator at a rape crisis center, testified that J.T. informed her that she and Lewis had been having sex from the time she was thirteen years old until two months before the physical exam. J.T. told Gable that Lewis used a condom twice; however, he did not ejaculate inside her vagina.

Stanley Wayne Lee, Lewis's coworker, testified that he overheard Lewis discussing his girlfriend. At the time, Lewis stated that his girlfriend was sixteen years old. Shelby Houston, another one of Lewis's coworkers, testified that Lewis talked about a sixteen-year-old girl named "Pookie" or "Nookie" [fn omitted] that he met through the girl's mother. Houston also stated that it appeared that Lewis liked the young girl and wanted to marry her.

Zeandra, Lewis's biological daughter, called DHS because she believed that Lewis and J.T. were involved in an inappropriate relationship. Lewis's other biological daughter, J.L., testified that Lewis told her that he and J.T. were having sex. Lewis also told J.L. that he was going to marry J.T. and have kids with her.

*Lewis*, 245 So. 3d at 542-43.

Based on this evidence and the elements of the crimes, the court found that, "[v]iewing the evidence in the light most favorable to the State, we find there was sufficient evidence for a reasonable jury to find Lewis guilty on both counts of statutory rape." *Id.* This finding is reasonable. The determination of the sufficiency of the evidence by the state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . its determination is entitled to great deference.") Mr. Lewis has offered nothing in his petition to overcome the deference afforded to the state appellate court's decision. In addition, Mr. Lewis has not shown that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra*.

The state court's decision holding that Lewis' claim was without merit was neither contrary to,

nor an unreasonable application of, clearly established federal law. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. Larry Lewis is not entitled to relief based on his claims challenging the sufficiency of the evidence to support his convictions in Grounds Two and Five of the instant petition.

**Ground Three: Ineffective Assistance of Counsel**

In Ground Three, Larry Lewis argues that his counsel was "fully aware of these errors and did not attack [the] validity of these allegations." ECF Doc. 1, p. 8. Mr. Lewis raised this claim of ineffective assistance of counsel in state post-conviction pleadings, and the Mississippi Supreme Court found that petitioner's allegations were without merit and did not provide a basis for relief. *See* Exhibit B.

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient, and that the deficiency resulted in prejudice to his defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995),

*cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

Mr. Lewis argues in Ground Three that counsel was aware of the errors Lewis identified and failed to raise those errors to the court. ECF Doc. 1, p. 8. The record reveals that counsel was acting as a zealous advocate on Lewis' behalf, and his conclusory allegations to the contrary have no factual support. Conclusory ineffective-assistance claims do not merit federal *habeas corpus* relief. *See, e.g., Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal *habeas* proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 537 U.S. 1084 (2002)); *see also Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).

Mr. Lewis has not shown that counsel provided deficient representation by failing to raise any of the claims raised in the instant petition (all of which this court finds to be meritless). Further, even if counsel's actions had been deficient, Lewis has not shown that he suffered prejudice by counsel's actions, as the state court, when deciding those very issues, held that none had merit. Hence, Mr. Lewis has not shown that, "but for counsel's errors, the results of the proceeding would have been different." *Strickland, supra*.

- 16 -

Nothing in Mr. Lewis' petition for a writ of *habeas corpus* has overcome the double deference afforded the state appellate court's decision that his ineffective assistance of counsel claims were without merit. In addition, he has not shown that the state court decision rejecting his claims of ineffective assistance of counsel was an unreasonable application of *Strickland* to the facts and the record in this case. *See Williams v. Taylor, supra*. As such, the Mississippi Supreme Court's decision that Lewis' claims lacked merit was neither contrary to, nor an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Hence, Mr. Lewis' claims of ineffective assistance of counsel in Ground Three of the instant petition are without merit and will be denied.

### Ground Four: Improper Jury Instructions

In Ground Four, Mr. Lewis claims that the jury instructions in this case were erroneous because they "failed to state[] and include penetration of the sexual organ of a male," as set forth in the criminal statute. ECF Doc. 1, p. 9. *Id.* Generally, challenges to jury instructions may not form a basis for federal *habeas corpus* relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19 (1993); *Estelle v. McGuire*, 502 U.S. 62, 71 (1991). A petitioner may not obtain *habeas corpus* relief unless he establishes that an improper instruction rose to the level of a constitutional violation. *Taylor*, 113 S.Ct. at 2121; *Estelle v. McGuire*, 502 U.S. at 72. The burden of showing that an error in jury instructions was sufficiently prejudicial to support a collateral attack on the constitutional validity of a state court's judgment is greater than the showing required to establish plain error on direct appeal. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). Challenged jury instructions "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72. "A petitioner must show that the erroneous instruction *by itself* so infected the entire trial that the resulting conviction

- 17 -

violates due process." *Mayabb, supra*, (citing *Henderson, supra*) (emphasis added). As discussed in detail below, Mr. Lewis has not made this showing.

The jury was given two instructions on the charges at issue, both of which tracked their respective statutes. Specifically, Jury Instruction S-1 provided:

> In Count 1, the Defendant, **LARRY D. LEWIS** is charged with Statutory Rape.
>
> If the Jury finds from the evidence in this case and beyond a reasonable doubt that:
>
> 1) On or before July 4, 2013, in the Second Judicial District of Panola County, Mississippi, [the victim] was a child under fourteen (14) years of age;
>
> 2) That [the victim] was twenty-four (24) or more months younger than **LARRY D. LEWIS**;
>
> 3) That [the victim] was not the spouse of **LARRY D. LEWIS**; and
>
> 4) That **LARRY D. LEWIS** had sexual intercourse with [the victim], then you shall find the Defendant, **LARRY D. LEWIS**, guilty of Statutory Rape in Count 1.
>
> If the State has failed to prove any one of more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

SCR, Vol. 1, p. 14. This instruction tracked the language of the statute defining the charge of statutory rape of a child under fourteen as provided in Mississippi Code Section 97-3-65(1)(b). *See also Lewis*, 245 So. 3d at 542 (citing statute).

Jury Instruction S-2 on Count 2 of the indictment provided:

> In Count 2, the Defendant, **LARRY D. LEWIS** is charged with Statutory Rape.
>
> If the Jury finds from the evidence in this case and beyond a reasonable doubt that:
>
> 1) Between July 5, 2013, and July 4, 2015, in the Second Judicial District of Panola County, Mississippi, [the victim] was a child at least fourteen (14) years of age but under sixteen (16) years of age; and
>
> 2) That [the victim] was thirty-six (36) or more months younger than **LARRY D. LEWIS**;

3) That **LARRY D. LEWIS** was at that time a person seventeen (17) years of age or older;

4) That **LARRY D. LEWIS** was not the spouse of [the victim]; and

5) That **LARRY D. LEWIS** had sexual intercourse with [the victim], then you shall find the Defendant, **LARRY D. LEWIS**, guilty of Statutory Rape in Count 2.

If the State has failed to prove any one of more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

SCR Vol. 1, p. 15. This instruction tracked the language defining the charge of statutory rape set forth in Mississippi Code Section 97-3-65(1)(a). *See also Lewis,* 245 So. 3d at 542 (citing statute). Jury Instruction S-3 defined sexual intercourse as "a joining of the sexual organs of a male and female, human being, in which the penis of the male is inserted into the vagina of the female." SCR, Vol. 1, p. 16.

Jury instructions are not read in isolation; instead, the court must consider them as a whole. Hence, Mr. Lewis' contention that the jury was not instructed with regard to penetration of the sexual organs is flatly contradicted in the record. Indeed, viewing the jury instructions as a whole, the court properly instructed the jury regarding each of the two counts charged. As such, Mr. Lewis has not shown that the state court's decision as to his claim in Ground Four was either contrary to, nor an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented. For these reasons, Mr. Lewis is not entitled to relief based on his claim in Ground Four of improper jury instructions.

**Ground Six: Verdict Against the Overwhelming Weight of the Evidence**

In Ground Six, Mr. Lewis argues that his motion for JNOV should have been granted because the verdict was against the overwhelming weight of the evidence. ECF doc. 1, p. 17. First, a challenge to the weight of the evidence is not an issue within the purview of a federal *habeas corpus* relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986) ("A federal

- 19 -

*habeas* court has no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence . . . ."); *see also Thompson v. Holman,* 2013 WL 435972 (S.D. Miss. January 16, 2013) (slip copy) (citing *Young, supra,* and finding that federal court has no power to grant *habeas* relief on a claim challenging the weight of evidence); *Johnson v. Streeter,* 2012 WL 3683392 (N.D. Miss. August 21, 2012) (same); *Jordan v. Epps,* 2012 WL 5997046 (S.D. Miss. August 8, 2012) (same); *Baskin v. Scott,* 2012 WL 5947647 (S.D. Miss. June 25, 2012) (same). This rule exists because the weight of the evidence is decided by the trial jury, and, if found to be inadequate, the remedy is a new trial. It is the province of the jury to determine the facts in a criminal case – and apply to those facts the law given by the court through jury instructions. Indeed, "[j]uries are typically called upon to render unanimous verdicts on the ultimate issues of a given case." *McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S. Ct. 1227, 1236, 108 L. Ed. 2d 369 (U.S. 1990) (plurality opinion) (Blackmum, J., concurring). As such, Mr. Lewis' challenge to the weight of the evidence in Ground Six is not a valid federal *habeas corpus* claim. Mr. Lewis is not entitled to relief based on his claim that weight of the evidence was insufficient to sustain the verdict in Ground Six of his petition.

### Ground Seven: Actual Innocence

Finally, Mr. Lewis states that he is actually innocent of the crimes of conviction.[8] Actual innocence is not a viable freestanding *habeas corpus* claim, instead, "if proved, [it] serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin, v. Perkins*, 569 U.S. 383, 386 (2013). Thus, proof

---

[8] Although Mr. Lewis did not list this claim in his numbered grounds for relief, the court has designated the claim as Ground Seven.

of actual innocence may serve as a means for a petitioner to overcome a procedural hurdle, it does not stand as a separate claim for *habeas corpus* relief.

Even assuming *arguendo* that this claim was properly raised as an issue in the state court, Mr. Lewis has not offered any new "evidence" within his claim of actual innocence; nor does he otherwise provide any argument as to his alleged actual innocence.[9] Furthermore, to the extent that Lewis' claim is construed as one challenging the sufficiency of the evidence to support his convictions, the court addressed that issue in its discussion of Grounds Two and Five of the instant petition. Mr. Lewis' claim of actual innocence will therefore be denied.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of May, 2021.

**/s/** Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[9] None of Mr. Lewis' claims in the instant petition were held by the state's highest court to be procedurally defaulted, and the instant petition is timely. As such, a claim of actual innocence (which cannot be a *habeas corpus* claim for relief) would serve no purpose in the instant petition.